UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW ELLIOTT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 4:06-CV-1383-CDP |
| | ) |
| DEPARTMENT OF SOCIAL SERVICES, | ) |
| DIVISION OF FAMILY SERVICES, and | ) |
| VETERANS AFFAIRS MEDICAL CENTER, | ) |
| | ) |
|     Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Andrew Elliott to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Also before the Court is applicant's motion for appointment of counsel [Doc. #4]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, applicant will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In addition, the Court has reviewed the instant complaint and will dismiss it prior to service.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the

benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks damages against the Missouri Division of Family Services and the Veterans Affairs Medical Center.[1] The complaint alleges:

> Addition to previous claim. Amendment #7, failed service, Amendment #8, unusual punishment, forced to work disabled. Amendment #10 I have no right slave by SS#. Amendment #11, services whil trying to sue from DFS. Amendment #13 DFS practices slavery by denying help when applied. Amendment #14, due process of slavery, civil war, against me. Amendment 15, DFS Office profiling by age, handicap, color, race. Amendment 16, paying through taxes for the destruction I went through and still is. Amendment 24, paying, to control my vote on DFS rulings over life threat[e]ning issues. Amendment 26 no right to vote on my life decision when applying for DFS insurance malpractice, miss practice, unorganized.

**Discussion**

Plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983 and, therefore, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff cannot bring an action for damages against the Department of Social Services, Division of Family Services because it is not a "person" for purposes of § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). To the extent that plaintiff seeks

---

[1]The claims asserted in the instant complaint are similar to those asserted by plaintiff in Elliott v. Dept. of Soc. Services Div. Of Family Services , 4:06CV944CDP (E.D. Mo.), and Elliott v. VA Medical Center, No. 4:06CV1523(ERW) (E.D. Mo.). These prior cases were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

damages pursuant to 42 U.S.C. § 1983 from the Veterans Affairs Medical Center, his claim is barred by sovereign immunity. See FDIC v. Meyers, 510 U.S. 471, 486 (1994). To the extent that plaintiff is seeking relief for negligent medical care provided by the Veterans Affairs Medical Center, there is no indication that he has exhausted his administrative remedies. The exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit in United States District Court under the Federal Torts Claims Act. See 28 U.S.C. § 2675(a); Farmer's State Sav. Bank v. Farmers Home Admin., 866 F.2d 276, 277 (8th Cir. 1989).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED**. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this memorandum and order.

_____
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of March, 2007.